**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ALLEN MILLER,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:15-cv-00063- JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS  (Doc. 2)<br><br>ORDER DIRECTING CLERK TO ISSUE SUMMONS, SOCIAL SECURITY CASE DOCUMENTS, AND SCHEDULING ORDER<br><br>ORDER DIRECTING PLAINTIFF TO COMPLETE THE SERVICE DOCUMENTS |

Plaintiff David Allen Miller seeks to proceed with an action for judicial review of the administrative decision denying his application for Social Security benefits.  Pending before the Court are the complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2) filed January 12, 2015.

**I.      MOTION TO PROCEED IN FORMA PAUPERIS**

The Court may authorize the commencement of an action without prepayment of fees "but a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).  The Court has reviewed the application and finds Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

**II.     SCREENING REQUIREMENT**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the

1

1  complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or

2  fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant

3  who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A plaintiff's claim

4  is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or

5  not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S.

6  25, 32-33 (1992).

7  **III.    PLEADING STANDARDS**

8       General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A

9  pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the

10  claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may

11  include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

12       A complaint must state the elements of the plaintiff's claim in a plain and succinct manner.

13  *Jones v. Cmty Redevel. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of a complaint is to

14  give the defendant fair notice of the claims against him, and the grounds upon which the complaint

15  stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

19  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

20  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d

21  266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

27  *Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should

28  assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions

2

1   in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to

2   amend a complaint to the extent deficiencies of the complaint can be cured by amendment.  *Lopez v.*

3   *Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

4   **IV.   DISCUSSION AND ANALYSIS**

5          Here, Plaintiff's complaint indicates his application and appeal for Social Security benefits

6   were denied, and he seeks review of the subsequent decision by the Commissioner of Social Security

7   upholding these decisions.  (Doc. 1 at 1-2.)  The Court has jurisdiction over such claims pursuant to 42

8   U.S.C. §405(g), which provides in relevant part:

9           Any individual, after any final decision of the Commissioner made after a hearing to
            which he was a party, irrespective of the amount in controversy, may obtain a review of
10          such decision by a civil action commenced within sixty days after the mailing to him of
            such decision or within such further time as the Commissioner may allow. Such action
11          shall be brought in the district court of the United States for the judicial district in
            which the plaintiff resides, or has his principal place of business . . . The court shall
12          have power to enter, upon the pleadings and transcript of the record, a judgment
            affirming, modifying, or reversing the decision of the Commissioner of Social Security,
13          with or without remanding the cause for a rehearing.

14  *Id.*  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be

15  reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). The Supreme Court

16  noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility

17  claims."  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

18         The Appeals Council denied Plaintiff's request for review of the decision rendered by an

19  administrative law judge on November 7, 2014, at which time the decision of the administrative law

20  judge became the decision of the Commissioner.  (Doc. 1 at 2.)  Accordingly, Plaintiff's request for

21  judicial review is timely, and the Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

22  **V.   CONCLUSION AND ORDER**

23         Plaintiff's complaint states a cognizable claim for review of the administrative decision denying

24  Social Security benefits.  Based upon the foregoing, **IT IS HEREBY ORDERED**:

25         1.      Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

26         2.      The Clerk of Court is DIRECTED to issue summons as to the defendant, Carolyn

27                 Colvin, Acting Commissioner of Social Security;

28         3.      The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case

1   Documents, including the Scheduling Order, Order regarding Consent, the Consent

2   Form, and USM-285 Forms; and

3       4.    The U.S. Marshal is DIRECTED to serve a copy of the complaint, summons, and this

4   order upon the defendant as directed by Plaintiff in the USM Forms.[1]

5

6   IT IS SO ORDERED.

7       Dated:   **January 15, 2015**                    **/s/ Jennifer L. Thurston**

8                                            UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] If Plaintiff's counsel chooses to serve the summons, complaint, and this order upon the Defendant without using the services of the U.S. Marshal, Plaintiff will not later be able to seek an award of costs for service given her *in forma pauperis* status and the authorization for service by the U.S. Marshal. *See DeArmon v. Colvin*, 2013 U.S. Dist. LEXIS 137858 at *5 (E.D. Cal. Sept. 25, 2013) (explaining that where the plaintiff is proceeding in forma pauperis and the U.S. Marshal has been directed to serve the defendant, the plaintiff may not recover expenses related to service).

4